J-A13026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RANDALL F. BISHOP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LCM-MAR ENTERPRISES D/B/A | : | |
| GREENWOOD MUSHROOMS | : | |
| | : | No. 3294 EDA 2018 |

Appeal from the Judgment Entered November 2, 2018
In the Court of Common Pleas of Chester County Civil Division at No(s):
2017-00528-RC

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED OCTOBER 04, 2019**

Appellant Randall F. Bishop appeals from the judgment entered in favor of Appellee LCM-MAR Enterprises d/b/a Greenwood Mushrooms. Appellant and the trial court agree that the case should be remanded to have the trial court resolve an outstanding ejectment claim. Appellee also acknowledges the outstanding ejectment claim. For the reasons that follow, we quash the appeal.

We briefly recite the background of this matter, as the details are unnecessary for our disposition. Appellant sued Appellee for building a concrete water pipeline on Appellant's land without his knowledge or permission. Trial Ct. Op., 1/23/19, at 3. Specifically, Appellant raised a claim

---

[*] Retired Senior Judge assigned to the Superior Court.

for ejectment and a claim for trespass. *Id.* Prior to trial, the parties stipulated that Appellee was liable for ejectment, would remove the pipe, and would pay $2,000 per month until the pipe was removed. *Id.* at 15. The parties, however, did not agree when the monthly payment would commence. *Id.*

The case proceeded to a bench trial. The trial court entered a decision only on the trespass claim, as it believed that the "ejectment claim was resolved by the parties prior to trial." Verdict, 9/27/18, at 7. Specifically, the trial court ruled in Appellant's favor on his trespass claim but did not award damages. Appellant timely filed a post-trial motion, which the trial court denied.

On November 2, 2018, the trial court entered judgment. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues on appeal:

1. Did the trial court err by concluding that the ejectment claim was resolved by the parties prior to trial in that the [trial c]ourt failed to enter a judgment of ejectment in favor of Appellant on count one, specifying that the work to remove the pipe and correct the erosion was to be completed no later than January 1, 2019, and that Appellee was to pay [Appellant] $2,000 a month, commencing November 1, 2018, for each month the pipe remained in place on [Appellant's] property, as stipulated by the parties on the record?

2. Did the trial court err in failing to award [Appellant] compensatory damages for the value of the intentional use by [Appellee] of a portion of [Appellant's] land without consent or privilege to do so, *i.e.*, did the trial court employ an incorrect measure of damages for the trespass?

Appellant's Brief at 4.

Initially, Appellant argues that the parties had stipulated that Appellee would concede to ejectment. *Id.* at 12. Appellant, however, contends that the court misunderstood the stipulation and held that the "ejectment claim was resolved by the parties prior to trial." *Id.* at 16 (quoting Trial Ct. Op., 1/23/19, at 17)). The trial court acknowledged that it erred by finding that the parties had "completely resolved" the ejectment claim and has requested this Court to remand the case. Trial Ct. Op. at 17. Appellee also agrees that the ejectment claim is unresolved, but has asked that this Court amend the judgment to reflect their agreement to a particular calculation of damages. Appellee's Brief at 6.

Pennsylvania Rule of Appellate Procedure 341 states that "an appeal may be taken as of right from any final order of a . . . trial court." Pa.R.A.P. 341. The rule defines a "final order" as an order that "disposes of all claims and of all parties." *Id.* In *Levitt v. Patrick*, 976 A.2d 581 (Pa. Super. 2009), this Court explained as follows:

> The key inquiry in any determination of finality is whether there is an outstanding claim. If any claim remains outstanding and has not been disposed of by the trial court, then . . . this Court lacks jurisdiction to entertain the appeal unless the appeal is interlocutory or we grant permission to appeal.

*Levitt*, 976 A.2d at 588 (citations omitted).

Here, all parties and the trial court agreed that the trial court erred by not resolving the ejectment claim. The trial court's decision, therefore, cannot be construed as a final order disposing of all claims. *See* Pa.R.A.P. 341.

Because the ejectment claim is "outstanding and has not been disposed by the trial court, then . . . this Court lacks jurisdiction" over Appellant's appeal. *See Levitt*, 976 A.2d at 588. Although Appellee has suggested that this Court modify the trial court's judgment to reflect an apparent agreement between the parties regarding damages, the modification requested is not analogous to a patent mathematical error in calculating damages. *See Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 981-82 (Pa. Super. 2011) (*per curiam*) (modifying judgment to correct mathematical error in amount of damages). Although Appellee's position has practical merit, we deem it inappropriate for this Court to substantively amend the judgment. Accordingly, we quash the appeal.[1]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/19

---

[1] After the trial court resolves all claims, the parties shall comply with the rules of civil procedure addressing post-trial practice and entry of judgment.